IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                        :

JOHN MICHAEL LOHNER -WERREN    :    CASE NO. 05-10644(SEK)
JUDITH GANTENBEIN ROSENAST
     DEBTOR                             :    CHAPTER 7
---------------------------------
                                        :

BUSINESS FUNDS, INC.                   :

     PLAINTIFF                          :

                                        :    ADV. PROC. 06-008
     v.
                                        :

JOHN MICHAEL LOHNER WERREN
JUDITH GANTENBEIN ROSENAST     :

     DEFENDANTS                         :
---------------------------------

**FILED & ENTERED**

1 7 SEP 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

We must decide whether we should allow Business Funds Inc.'s (hereinafter "BFI") request for leave to amend the complaint to include a new cause of action under 11 U.S.C. §727(a)(2)(A)[1], after the expiration of the time limit set forth by Federal Rule of Bankruptcy Procedure 4004(a). For the reasons that follow, we deny BFI's request.

### BACKGROUND

John Lohner and Judith Gantenbein (hereinafter the "defendants"), are owners, officers and directors of Judith's Fine Foods International, Inc. (hereinafter "JFF").

On October 10, 2005, the defendants filed bankruptcy under Chapter 7. The deadline to file complaints objecting to discharge



---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §101, et seq.

2

or to determine dischargeability of a claim was set for January 8, 2006. JFF also filed bankruptcy on that same date. During December 2005, BFI, represented by attorney Charles Gilmore, filed a notice of appearance in both bankruptcy cases.

The amended schedules in defendants' bankruptcy case include BFI as an unsecured creditor, for a debt arising from the defendants' personal guarantee of a loan granted by BFI to JFF in the course of business.[2]

On January 9, 2006, BFI filed this adversary complaint against the defendants. The complaint alleges that during June thru September 2005, "defendants received various payments from clients goods in the amount of $67,488.52. Such collections constituted trust funds", pursuant to the agreement and by virtue of applicable California statutes. BFI alleges defendants used said funds with the intent to benefit themselves, in detriment of the trust and in violation of their fiduciary duties. Therefore, its claim is nondischargeable under §523(a)(4)[3].

Now, long after the expiration of the deadline to file objections to discharge, BFI wants to amend the complaint to assert a new cause of action for denial of discharge under



---

[2] BFI was listed in JFF's schedules as a secured creditor. In addition, BFI filed a secured claim in JFF's case in the amount of $49,000.

[3] "(a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt-
(4) for fraud or defalcation while acting in a
fiduciary capacity, embezzlement, or larceny; ..."
11 U.S.C. §523(a)(4).

3

§727(a)(2)(A)[4]. It argues defendants' fraudulently concealed two pre-petition transactions where JFF transferred assets outside of the ordinary course of business to Caribbean Produce Exchange and Isla Produce. BFI claims defendants did not disclose the transfer of assets in JFF's schedules nor at the meeting of creditors. It received evidence of the transactions for the first time on September 2007. Therefore, leave to amend the complaint should be granted (1) under the provisions of Federal Rule of Bankruptcy Procedure 7015 and (2) under principles of equitable tolling due to lack of notice of the transactions giving rise to the amendment.

Defendants object, arguing the amendment is time barred pursuant to Federal Rule Of Bankruptcy Procedure 4004(a).

### DISCUSSION

Fed. R. of Bankr. Proc. 4004(a), specifies that a complaint objecting to debtor's discharge under §727(a) has to be filed no later than 60 days after the first date set for the meeting of creditors.

Fed. R. of Bankr. Proc. 7015 states in its pertinent part, that amendments to the pleadings relate back to the date of the



---

[4] "(a) The court shall grant the debtor a discharge, unless-
(2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed-
    (A) property of the debtor, within one year before the date of the filing of the petition;"
11 U.S.C. §727(a)(2)(A)

4

original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out --or attempted to be set out-- in the original pleading; ...". Applying this Rule, courts allow amendments outside of the Rule 4004(a) deadline, if the amendment relates back to a timely filed pleading. Calendario v. Pagán (In re Pagán), 282 B.R. 735 (Bankr. Mass. 2002); Saunders Real Estate Corp. V. Pearlman, (In re Pearlman), 360 B.R. 19 (Bankr. R.I. 2006); Gattalaro v. Pulver (In re Pulver), 327 B.R. 125 (Bankr. W.D.N.Y. 2005). "'[R]elation back is permissible if a plaintiff seeks to correct a technical mistake or mission, state a new legal theory or relief, or amplify the facts alleged in the prior complaint'. Under the same logic, an amended pleading setting forth a new claim or different facts or transactions from the original pleading will not relate back to the original for purposes of tolling the bar date." Calendario at 740 (citations omitted).

Here, the proposed amendment sets forth a new legal claim stemming from facts not contained in the original complaint. The initial pleading was based on the fact that defendants collected receivables from goods sold, and instead of preserving them as trust assets, defendants used said funds in violation of their fiduciary duties. The allegations now presented are premised on a different set of facts, not related to the original complaint, concerning two pre-petition transactions in which the defendants allegedly sold or transferred assets of JFF. Therefore, the amendment does not relate back and it is time barred.



5

We are not persuaded by BFI's allegation that leave to amend should be allowed because defendants' failed to disclose the transactions until September 2007. Our review of the record shows Schedule B in the case of JFF was amended on January 16, 2006 to include accounts receivable from Caribbean Produce Exchange "for the purchase of contract rights" and from Isla Produce "for the purchase of equipment". Therefore, it is incorrect to state that the defendants failed to disclose the transactions on JFF's schedules. Furthermore, defendants' schedules provided sufficient notice of the transactions to creditors. By the time the schedules were amended, BFI was already represented by counsel in both bankruptcy cases, therefore, it should have been aware of the transactions. BFI's delay in requesting amendment of the complaint is unjustified. Under these circumstances, we need not address whether we should permit equity to trump the filing deadline set by Rule 4004(a).

WHEREFORE, BFI's request for leave to amend the complaint is denied.

**SO ORDERED**, in San Juan, Puerto Rico, on September 16, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge